# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 2:19-cr-20085-JTF |
| SHAMARI JOHNSON, ) | |
| ) | |
|     Defendant. ) | |
| ) | |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS TO DENY DEFENDANT'S MOTION TO SUPPRESS AND DENYING DEFENDANT'S OBJECTIONS

Before the Court is Defendant Shamari Johnson's Motion to Suppress filed on August 26, 2019. (ECF No. 24.) The Motion was referred to the Magistrate Judge who held a hearing on the matter on October 2, 2019. (ECF No. 29.) The Magistrate Judge issued a Report and Recommendation on December 5, 2019 recommending that the Motion be denied. (ECF No. 33.) Defendant filed timely Objections on January 29, 2020. (ECF No. 39.)

For the following reasons, the Court finds that the Magistrate Judge's Report and Recommendation should be **ADOPTED** and Defendant's Objections should be **DENIED.**

## LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and

submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (citations omitted). Motions to suppress evidence are among the motions in criminal cases that are subject to *de novo* review. *See* 28 U.S.C. § 636 (b)(1)(A); *U.S. Fid. & Guarantee Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1088 (6th Cir. 1992). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

**FINDINGS OF FACT**

In her Report and Recommendation, the Magistrate Judge sets forth proposed findings of fact. (ECF No. 33, 2–5.) Defendant first objects to one of the Magistrate Judge's factual findings, specifically the Magistrate Judge's factual finding that "the complainant gave [the Collierville Police Department] the detail regarding the white rag prior to the search of the vehicle . . . ." (ECF No. 39,

3.) Defendant posits the testimony given by the officers is unsupported by audio evidence and dispatch logs and that their testimony conflicted with recorded and memorialized evidence. (*Id.* at 2.) Defendant's objection is a credibility issue of the officers' testimony.

"Credibility determinations of the magistrate judge who personally listened to the testimony of a witness should be accepted by a district judge unless in his *de novo* review of the record he finds a reason to question the magistrate judge's assessment." *United States v. Robinson*, 2007 U.S. Dist. LEXIS 53290, at *3 (E.D. Tenn. 2007). After reviewing the record *de novo*, this Court finds no reason to question the Magistrate Judge's assessment and the Magistrate Judge's factual findings are consistent with the record. Accordingly, this Court adopts and incorporates the Magistrate Judge's proposed findings of fact and Defendant's first objection is denied.

## **ANALYSIS**

Defendant raises two additional objections to the Magistrate Judge's Report and Recommendation. First, he asserts the Collierville Police Department ("CPD") did not possess reasonable suspicion to conduct an investigatory stop for a misdemeanor because the alleged misdemeanor had already been completed and Defendant was not engaged in any criminal conduct at the time of the stop. (ECF No. 39.) Second, he argues the automobile exception to the Fourth Amendment warrant requirement does not apply because Defendant was not in arm's length of his car or its contents when the car was searched and CPD lacked probable cause because the discovery of the white rag was unsubstantiated. (*Id.*) The Court will address these objections below.

Proper Basis for the Stop

Defendant first objects to the Magistrate Judge's recommendation that CPD possessed reasonable suspicion to conduct an investigatory stop. (ECF No. 39, 4.) Specifically, Defendant

3

objects that because CPD did not witness Defendant commit the misdemeanor for which he was charged, CPD did not possess reasonable suspicion of criminal conduct or a complete felony. (*Id.* at 4–5.)

The Fourth Amendment provides, in relevant part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. Const. amend. IV. A temporary seizure, such as a "brief investigatory stop[] such as the stop of the vehicle," implicates the Fourth Amendment. *United States v. Cortez*, 449 U.S. 411, 417 (1981). Brief investigatory stops are "justifiable if a reasonable articulable suspicion of criminal activity actually exists." *United States v. Winfrey*, 915 F.2d 212, 216 (6th Cir. 1990). For an officer to have reasonable suspicion, he must have "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Cortez*, 449 U.S. at 417–18. "[A] reliable tip will justify an investigative stop only if it creates a reasonable suspicion that 'criminal activity may be afoot.'" *Navarette v. California*, 572 U.S. 393, 401 (2014) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)).

Here, CPD received a citizen complaint of mail theft, detailing a black male driving a blue four-door Volkswagen with temporary tags removing mail from the complainant's and other neighbors' mailboxes. Officer Smith, who was nearby, arrived at the complainant's address and observed a black male driving a blue four-door Volkswagen vehicle. Because this individual and car matched the descriptions given by the complainant, Officer Smith stopped the vehicle and began an investigative stop. The Magistrate Judge determined the tip was credible, and Defendant does not object to that finding. The Court adopts the Magistrate Judge's finding that the complainant's tip was reliable and credible. Accordingly, Officer Smith had reasonable suspicion to stop Defendant

4

based on the complainant's tip. *See also United States v. Babb*, 77 F. App'x 761, 766 (6th Cir. 2003) (holding that the officer possessed reasonable suspicion based on a reliable tip because "[t]he totality of the circumstances shows that the car matched in make, model, and color; that [the defendant] matched the physical description of the robber; and the car was traveling the route expected in the BOLO").

As for Defendant's contention that CPD did not observe Defendant physically remove mail from mailboxes but rather only observed Defendant sitting in his car, Officer Smith still had reasonable suspicion that the criminal conduct was ongoing as the complainant indicated that Defendant was continuing to remove mail from mailboxes. Officers may make an investigative stop of a vehicle when they have reasonable suspicion of an ongoing crime, including both felonies and misdemeanors. *United States v. Sanford*, 476 F.3d 391, 394 (6th Cir. 2007). Because Officer Smith had reasonable suspicion of an ongoing crime, he was justified in initiating an investigative stop of Defendant. Accordingly, the Court adopts the Magistrate Judge's recommendation that Officer Smith had reasonable suspicion to conduct an investigative stop of Defendant and denies Defendant's objection.

Automobile Exception to the Fourth Amendment's Warrant Requirement

Defendant next objects that the Magistrate Judge erred in finding that the automobile exception to the Fourth Amendment warrant requirement applied. (ECF No. 39, 5.)

Defendant's first specific objection regarding the Magistrate Judge's Fourth Amendment analysis is that when the officers searched his vehicle, he was not in arms reach of the vehicle or its contents. Thus, he did not pose a threat to the officers or any evidence in the vehicle. Because "Supreme Court precedent establishes that an officer may conduct a warrantless search of an

5

arrestee's vehicle when genuine safety or evidentiary concerns exists" and because there were no genuine safety or evidentiary concerns at the time the officers searched Defendant's vehicle, the Magistrate erred in its Fourth Amendment analysis. (ECF No. 39, 5–6.) Defendant cites *Arizona v. Gant*, 556 U.S. 332, 351 (2009) in support of his objection.

*Arizona v. Gant* makes clear that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search *or it is reasonable to believe the vehicle contains evidence of the offense of arrest*." 556 U.S. at 351 (emphasis added). The Magistrate Judge focused her analysis not on whether Defendant was within reaching distance of the vehicle, but rather whether it was reasonable for the officers to believe that Defendant's vehicle contained evidence of the offense for which Defendant was arrested. (ECF No. 33, 11.) This is commonly referred to as the automobile exception to the warrant requirement.

The automobile exception to the warrant requirement dictates that an officer may search a vehicle without a warrant if the officer has probable cause to believe the vehicle contains evidence of criminal activity or contraband. *United States v. Lyons*, 687 F.3d 754, 770 (6th Cir. 2012) (citation omitted). Probable causes exists when there is a "'fair probability that contraband or evidence of a crime will be found in a particular place.'" *Smith v. Thornburg*, 136 F.3d 1070, 1074 (6th Cir. 1998) (quoting *United States v. Wright*, 16 F.3d 1429, 1437 (6th Cir. 1994)). A probable cause determination is a "'commonsense, practical question' based upon the totality of the circumstances." *United States v. Parker*, No. 1:19-cr-46-TRM-SKL, 2019 U.S. Dist. LEXIS 227185, at *31 (E.D. Tenn. Dec. 5, 2019) (citing *Illinois v. Gates*, 462 U.S. 213, 230 (1983)). A confidential informant's tip may provide an officer with probable cause if the tip is sufficiently detailed and corroborated by

officers' independent investigation. *United States v. Lumpkin*, 159 F.3d 983, 986 (6th Cir. 1998).

The Magistrate Judge reasoned that because Officer Smith detained Defendant within one to two minutes after receiving the complainant's call, there was fair probability that any stolen mail would be in Defendant's vehicle. (ECF No. 33, 11.) This short amount of time makes it less likely that Defendant would have had time to dispose of any stolen mail. Thus, there was fair probability that Defendant's vehicle contained evidence of a crime. The Court agrees with and adopts the Magistrate Judge's recommendation that this establishes probable cause sufficient for the automobile exception to apply. Because Defendant's objection does not center around the Magistrate Judge's analysis of the applicability of the automobile exception, the Court denies such objection.

Defendant's second specific objection regarding the Magistrate Judge's Fourth Amendment analysis is that the Magistrate Judge impermissibly relied upon the unsubstantiated information that the complainant told the officers that the rag Defendant was using to remove mail from mailboxes was white. Thus, the officers did not have probable cause to search Defendant's vehicle. As the Court previously explained, the Magistrate Judge did not err in her factual finding that the officers learned from the complainant that the rag Defendant was utilizing was white before arresting Defendant. Thus, it was entirely reasonable for the Magistrate Judge to find that the white rag officers observed in Defendant's vehicle was evidence that provided probable cause for the search of the vehicle in light of the totality of circumstances. Accordingly, the Court affirms the Magistrate Judge's recommendation that the officers' observation of the white rag in Defendant's vehicle provided probable cause for them to search the vehicle and denies Defendant's objection.

## **CONCLUSION**

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **DENY** Defendant's Motion to Suppress and accordingly **DENIES** Defendant's Objections.

**IT IS SO ORDERED** on this 30th day of March 2020.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge
